RECEIVED
IN LAKE CHARLES, LA.

JUL 09 2015

TONY R. MOORE, CLERK
BY_____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERT E. MOSS,** | * CIVIL ACTION NO. 2:14-cv-165 |
| **Plaintiff,** | * |
| v. | * JUDGE MINALDI |
| **TECHNOLOGY INSURANCE COMPANY, ET AL.,** | * |
| | * MAGISTRATE JUDGE KAY |
| **Defendants.** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is the defendants' Motion for Partial Summary Judgment [Doc. 32], to which the plaintiffs have filed a Response [Doc. 38], to which the defendants have filed a Reply [Doc. 43]. For the following reasons, the defendants' Motion [Doc. 32] be and hereby is **GRANTED**.

### FACTS & PROCEDURAL HISTORY

On December 17, 2012, Robert E. Moss ("Moss") was involved in a car accident allegedly caused by Michael A. Dillard ("Dillard") and Robert Rosas ("Rosas").[1] At the time of the accident, Dillard and Rosas were in the course and scope of their employment with Clean-Co Systems, Inc.[2] Moss suffered severe injuries as a result of the accident.[3] The plaintiffs filed suit in the Fourteenth Judicial District Court for the Parish of Calcasieu, Louisiana, on December 17,

---

[1] Pet. for Damages [Doc. 1-1] ¶ 2.
[2] *Id.* ¶ 3. Technology Insurance Company, Inc., issued the liability policy to Clean-Co. Systems, Inc., that was in effect at the time of the accident. *Id.* ¶ 11.
[3] *Id.* ¶¶ 8-9.

1

2013.[4] The defendants removed the above-captioned matter on February 3, 2014, invoking the court's diversity jurisdiction.[5]

On April 9, 2014, Moss died after an unsuccessful surgery to repair a ruptured abdominal aortic aneurysm, and the plaintiffs subsequently amended the petition to include a cause of action for wrongful death, alleging that Moss's death was caused by the aforementioned car accident.[6] The instant Motion was filed on April 29, 2015.[7]

## LAW & ANALYSIS

### I. Summary Judgment Standard

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A dispute is said to be "genuine" only where "a reasonably jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n. 1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)).

"Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick*

---

[4] *Id.*
[5] Not. of Removal [Doc. 1].
[6] Second Supplemental and Amending Pet. [Doc. 12-2].
[7] Mot. for Partial Summ. J. [Doc. 32].

*v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)).  "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

## II. Causation

The defendants seek partial summary judgment dismissing the plaintiffs' wrongful death claims. They allege that Moss's death was not caused by the accident on December 17, 2012 ("the accident"). In response, the plaintiffs argue that Moss had been prescribed Xarelto, a blood thinner, after the accident, and that Moss died because he hemorrhaged during surgery, and the hemorrhage could not be controlled because of the Xarelto.

> In a personal injury suit, plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury. Plaintiff must prove causation by a preponderance of the evidence. The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident.
>
> *Maranto v. Goodyear Tire & Rubber Co.*, 650 So. 2d 757, 759 (La. 1995) (internal

citations omitted).

The plaintiffs allege that Moss was prescribed Xarelto as a result of the accident, and if he had not been prescribed Xarelto, he would not have died. In his deposition, Dr. Mousset stated that "[Moss] was on Xarelto, . . we don't have a good ability to reverse that blood thinner. So when we have a huge hemorrhage like [Moss] had, . . we need to have normal coagulation to finish the surgery and things to stabilize, and it was just not possible."[8] However, Dr. Mousset also said in his deposition that in all probability, he did not think that the accident contributed to

---

[8] Depo. of Dr. Xavier Mousset [Doc. 32-1], at 43.

the rupture of Moss's aneurysm.[9] Moss died after an unsuccessful surgery to repair the ruptured aneurysm. The plaintiffs have not shown that it was more probable than not that Moss's ruptured aneurysm was proximately caused by the accident.

The plaintiffs alternatively argue that at least one medical professional connected the accident to Moss's fatal abdominal aortic aneurysm. In his deposition, Dr. Williams testified that it was possible that significant trauma, such as a motor vehicle accident, could cause an aneurysm.[10] However, testimony that it is possible for a motor vehicle accident to cause an aneurysm is not the same as testimony that the motor vehicle accident in this case caused Moss's aneurysm. The medical testimony in this matter is insufficient to show that it was more likely than not that Moss's aneurysm was caused by the accident. There is no genuine dispute as to a material fact over this issue.

Lake Charles, Louisiana, this ___ day of _____, 2015.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[9] *Id.*
[10] Depo. of Dr. Luke Meade Williams [Doc. 32-2], at 19.